Davis, J.
This action is to enjoin the construction of a free turnpike laid out and established in Franklin county under the “one mile assessment law.” Among the grounds for the relief asked, the plaintiff alleged that the board of county commissioners had laid out and established such free turnpike, beginning at the east end of East Broad street free turnpike and running in a northeasterly direction along the center line of the Granville road to the county line, a distance of about five miles; that in 1817 there was laid out and established a county road, crossing the proposed improved road about one mile from the western terminus- thereof and extending over and across the proposed road about three hundred feet; that in 1893 another county road was established, commencing at the northern terminus of the road established in 1817, and extending thence in a northerly direction about two miles; that the board of county commissioners in determining whether a ma *337 jority of the resident landowners within the bounds of the proposed free turnpike had signed the petition, excluded landowners residing within one mile of the proposed free turnpike, but more than one-half the •distance from the proposed free turnpike to the county road which was established in 1893; and that the board of county commissioners have excluded from the taxing district of the proposed free turnpike, the lands beyond one-half the distance between said free turnpike and said county road established in 1893. For our present purpose the other allegations contained in the petition may be disregarded. A demurrer on the ground that the petition does not state facts sufficient to constitute a cause of action against the defendants, was sustained by the court of common pleas, and the plaintiff not desiring to plead further, judgment was rendered for the defendants. The circuit court, on a petition in error, affirmed the judgment of the court of common pleas.
It is contended here by the defendants in error, and it was so held by the courts below, that although the county roads established in 1817 and 1893, respectively, may constitute one continuous road in fact, yet they are separate and distinct roads in law; and that the road established in 1893 is “unconnected” with the proposed free turnpike, and therefore is within the exception in Section 4786, Revised Statutes, which reads as follows: “Extra taxes, when levied as hereinbefore provided, shall be on real and personal property within one mile on each side of the free turnpike road, except where any road improvement of free turnpike road, or any toll road, or unimproved state or county road, being unconnected with the same, runs upon either side of such proposed road, within less than two miles, then the extra taxes shall only be *338 levied upon such lands and personal property as lie within one-half the distance of such roads.” It is also urged that the judgment below is sustained by Lear v. Halstead, 41 Ohio St., 566.
The exception in section 4786 does not apply in case of a county road which is only unconnected with the proposed road, but to a county road, Avhich, “being-unconnected AA'ith the same, runs upon either side of such proposed road.” By the expression “runs upon either side,” the legislature clearly meant to designate roads which run along, and not across, the proposed road. It Avas intended to specify roads Avhich, in a general sense, run parallel with the proposed road. With such, and with such only, it is practicable that the “extra taxes shall only be levied upon such lands and personal property as lie Avithin one-half the distance of such roads,” that is, one-half the distance between such roads. The statute does not contemplate the division of territory betAveen the point of termination of one road and the line of the proposed road; nor between the line of the proposed road and the line of a road crossing it. The opposite construction would be putting something into the language of the statute which is not there. So that the meaning of the statute, as well as the meaning of this court, Avhen it uses the words of the statute in Lear v. Halstead, is that a road which runs in the same general direction as, or approximately parallel with, the proposed road, is a road which “runs upon the side of the proposed road,” and that a road located on either side of the proposed road, which runs perpendicularly, or practically so, to the proposed turnpike, is not a road which “runs upon the side” of the latter. If anything more is needed to make this construction clear, a reference to- *339 the original section (72 O. L., 93, section 8, and 73 O. L., 96, section 8), and a study of its provisions will be suggestive. It was there provided that when any free turnpike in process of construction shall cross a free turnpike road either completed or in process of construction, then the lands and property on either side of where such free turnpike cross each other shall be assessed and taxed in proportion to benefits, etc.; but there was not then, nor has there ever been, any exception as to any unimproved state or county road crossing the proposed turnpike, and there is none now in regard to any road of any kind crossing the proposed road. The commissioners were, therefore, in error when they limited the taxing district as they did in this case, whether the county roads be regarded as a continuous road crossing the proposed turnpike, or whether the county road established in 1893 be regarded as a distinct road, running in a direction approximately perpendicular to the line of the turnpike. The plaintiff does not show in his petition for injunction that a majority of the landholders, residing in the county, who own lands within the bounds of the turnpike, petitioned for it; but it does appear that taxable property which should have been within the taxing district was excluded, and the plaintiff was thereby proportionately injured. “To any extent that one man is compelled to pay in order to relieve others of a public burden properly resting upon them, his property is taken for private purposes, as plainly and as palpably as it would be if appropriated to tire payment of the debts or the discharge of obligations which the persons thus relieved by his payments might owe to private parties.” Cooley on Taxation. 112.
*340 The judgments of the circuit court and of the court of common pleas are therefore reversed, and the cause remanded to the court of common pleas for further proceedings.

Reversed.

Burket, C. J., Spear, Shauck and Price, JJ., concur.